HOBSON, Acting Chief Judge.
Appellant was tried, convicted and adjudged guilty of three crimes. On the charge of breaking and entering a building other than a dwelling house with intent to commit a misdemeanor, to wit, petit larceny, he was sentenced to be confined in the state prison for a term of five years. On the charge of using a firearm in the commission of a felony, to wit, breaking and entering a building, he was sentenced to an additional term of five years in prison, to run consecutively with the breaking and entering sentence; and on the charge of possession of a firearm by a convicted felon he was sentenced to a term of five years, to run concurrently with the sentence on the charge of using a firearm in the commission of a felony.
Two persons returned to their place of business at an unusual hour when a man with a gun opened a door inside the building, said he was a policeman checking the place out and wanted to know what they were doing there. He put the gun away and indicated he was going around to check the back. He then took off. Odum was identified as the man.
The record is devoid of any evidence that Odum used or displayed the firearm in the commission of the felony of B & E with intent to commit a misdemeanor. Therefore, the judgment and sentence on this charge must be reversed.
There was ample evidence to convict Odum on the charge of B & E with intent to commit a misdemeanor and the judgment and sentence on this charge is affirmed.
The charge of possession of a firearm by a felon was a separate and distinct charge from the breaking and entering charge and the use of the firearm in the commission of a felony charge, because the possession was not limited to the time these offenses allegedly took place. The evidence established that the firearm was in appellant’s possession sometime prior to and after the alleged commission of the other offenses. Therefore, it constitutes a different transaction. Cf. Foster v. State, Fla.1973, 286 So.2d 549; Cone v. State, Fla.1973, 285 So.2d 12.
The other points on appeal have been considered and have been found to be without merit, or if error were committed it was harmless.
The judgment and sentence on th'e charge of using or displaying a firearm in the commission of a felony are reversed. The judgments and sentences on the two remaining charges are affirmed.
Reversed in part and affirmed in part.
McNULTY and BOARDMAN, JJ., concur.