298 So.2d 491 (1974)
Thomas Lee BERRY, Appellant,
v.
STATE of Florida, Appellee.
No. 72-1182.
District Court of Appeal of Florida, Fourth District.
August 16, 1974.
*492 Richard L. Jorandby, Public Defender, and Richard S. Power, Asst. Public Defender, West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and C. Marie Bernard, Asst. Atty. Gen., West Palm Beach, for appellee.
CROSS, Judge.
Appellant-defendant, Thomas Lee Berry, appeals a judgment of conviction and sentence for the offense of robbery. We reverse.
Appellant-defendant, Thomas Lee Berry, was charged by information with robbery. At the commencement of the defendant's trial six jurors were sworn to try the cause, and one other person, Helen L. Hoyer, was sworn as an alternate juror. Evidence and final arguments were presented by the parties. After the trial judge instructed the jury concerning the law to be applied to the evidence, he turned his attention to the alternate juror and said:
"The alternate juror will be allowed to go back with the people [jury], but you can't say anything and cannot lend any way, shape, or form toward the considerations. I am letting you go back as a courtesy because you have been through this trial completely. Since all six jurors are capable of making a decision you are not to aid any way to the verdict."
No objection to this procedure was interposed by counsel for the defendant. The jury, accompanied by Ms. Hoyer, retired to the jury room to consider its verdict.
Upon the conclusion of deliberations, the jury and Ms. Hoyer returned to open court. The trial judge inquired of the jury whether Ms. Hoyer had participated in the determination of the verdict. The jury replied negatively. After the jury announced its verdict finding the defendant was guilty of the robbery charged, counsel for the defendant moved for a new trial on the ground that the trial judge committed fundamental error in permitting Ms. Hoyer to be in the jury's presence while the jury was deliberating. The trial judge denied the motion for a new trial and entered judgment in accord with the jury verdict. It is from this judgment that the defendant appeals.
The question presented for our determination on this appeal is whether the trial court committed fundamental error in failing to discharge the alternate juror when the jury retired to the jury room to consider its verdict.
Rule 3.280 Fla.RCrP concerns itself with alternate jurors. It provides, inter alia:
"... An alternate juror, who does not replace a principal juror, shall be discharged at the time the jury retires to consider its verdict."
The language of this rule is mandatory, not permissive. The trial judge must discharge an alternate juror who does not replace a principal juror, at the time the jury retires to deliberate. From this rule it may be inferred that once the jury retires to consider its verdict, the alternate juror is a stranger to the deliberations of the jury and like any other non-juror will not be permitted in the jury room during the *493 jury's consideration of the case. See North v. State, 65 So.2d 77 (Fla. 1952).
Our research has revealed no Florida cases dealing with the impact of the trial judge's failure to adhere to Rule 3.280. However, Fed.R.Crim.P. 24(c), 18 U.S.C.A., is identical in relevant parts to Rule 3.280, and a number of federal cases with similar factual situations to the case at bar have been decided under this federal rule. The federal cases uniformly find error in the trial court's failure to dismiss the alternate juror when the principal jurors retire to the jury room to consider their verdict. However, whether such error constitutes reversible error depends on the facts of each case. Where the alternate juror was allowed in the physical presence of the jury during its deliberations and thereby had an opportunity to affect, either deliberately or inadvertently, the jury verdict, the trial court's failure to dismiss the alternate juror was prejudicial error requiring a new trial; even though no objection to the procedure was made by the defense counsel and the alternate juror was admonished not to participate in the deliberations of the jury. United States v. Virginia Erection Corporation, 335 F.2d 868 (4th Cir.1964); accord, United States v. Beasley, 464 F.2d 468 (10th Cir.1972); United States v. Allison, 481 F.2d 468 (5th Cir.1973). Where the alternate juror was not in the physical presence of the jury during the jury's deliberations and therefore had absolutely no opportunity to affect the jury verdict, the trial court's failure to dismiss the alternate juror was held to be harmless error. United States v. Hayutin, 398 F.2d 944 (2nd Cir.1968); United States v. Nash, 414 F.2d 234 (2nd Cir.1969).
In the instant case the alternate juror, Ms. Hoyer, was not discharged by the trial court at the time the jury retired to consider its verdict, but was allowed to accompany the jury to the jury room during deliberations. Even though Ms. Hoyer did not actually participate in the determination of the verdict, the possibility that she could have affected the jury verdict was apparent. The presence of Ms. Hoyer in the jury room could have operated as a restraint upon the jurors and their freedom of expression. The attitudes of Ms. Hoyer conveyed by facial expressions, gestures or the like may have had some effect upon the decision of one or more juror.
The deliberations of the jury must be conducted in privacy and secrecy. Anything less infringes upon the defendant's constitutional right to trial by jury. The trial court committed fundamental error in allowing the alternate juror, Ms. Hoyer, to accompany the jury to the jury room during deliberations. Accordingly, the judgment is reversed and the cause remanded for a new trial.
Reversed and remanded for new trial.
OWEN, C.J., and WALDEN, J., concur.