437 So.2d 208 (1983)
Miguel LAMADRID, Appellant,
v.
The STATE of Florida, Appellee.
No. 82-1754.
District Court of Appeal of Florida, Third District.
September 13, 1983.
Bennett H. Brummer, Public Defender, and Julian S. Mack, Sp. Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Paul Mendelson, Asst. Atty. Gen., for appellee.
Before HENDRY, HUBBART and JORGENSON, JJ.
PER CURIAM.
Appellant, Miguel Lamadrid, appeals his conviction and sentence for the offense of aggravated battery.
The principal point for our consideration is whether the trial court erred in failing to grant a mistrial where the alternate juror was not timely discharged and was present during jury deliberations. We find error and reverse.
Rule 3.280(a), Florida Rules of Criminal Procedure states in pertinent part:
Except as hereinafter provided regarding capital cases, an alternate juror, who does not replace a principal juror, shall be discharged at the same time the jury retires to consider its verdict.
This rule was not followed in the instant case and the alternate juror was present in the jury room during deliberations.
In Berry v. State, 298 So.2d 491 (Fla. 4th DCA 1974), the court reversed appellant's conviction, holding that it was fundamental error to allow an alternate juror to accompany a jury into the jury room during its consideration of the case, even though the alternate juror did not participate in the deliberations. The court held the language of the rule to be mandatory and not permissive.
We have concluded, in the light of the holding in Berry, that the trial court's denial of a mistrial was reversible error. In view of our conclusion that the appellant is entitled to a new trial, we find it unnecessary to consider the other points raised.
Reversed and remanded for a new trial.