438 So.2d 888 (1983)
Robert W. SLOAN, Appellant,
v.
STATE of Florida, Appellee.
No. 82-1946.
District Court of Appeal of Florida, Second District.
September 16, 1983.
*889 Jerry Hill, Public Defender, Bartow, and Allyn Giambalvo, Asst. Public Defender, Clearwater, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and William E. Taylor, Asst. Atty. Gen., Tampa, for appellee.
GRIMES, Judge.
This appeal poses the question of whether the court was obligated to declare a mistrial when it was discovered that an alternate juror had sat in on a portion of the jury's final deliberations.
Appellant was charged with grand theft, the use of a firearm in the commission of a felony, and possession of a firearm by a convicted felon. Following receipt of the court's instructions, the jury retired to consider its verdict. At this point the judge excused the woman who had been serving as an alternate juror. Subsequently, while standing in the hallway, the judge noticed the woman leaving the jury room. Apparently, after being excused she had gone into the jury room to retrieve her purse. When the bailiff took the jury to the jury room, he did not know she was inside. She explained to the judge that she decided to sit in the back of the jury room and listen to the discussion because it had been such an interesting case. She denied taking part in any of the deliberations. None of the jurors were aware of the judge's conversation with the alternate.
The judge asked the attorneys for both parties to state their position with respect to allowing the trial to proceed. The state had no objection. After conferring with appellant, defense counsel announced that he would not move for a mistrial. He said that he was willing to waive his objections to the alternate's presence in the jury room upon his understanding that the alternate did not participate in any of the deliberations. To the extent that can be determined from this record, the alternate appears to have been in the jury room for approximately one hour of the jury's four hours of deliberation.
In Berry v. State, 298 So.2d 491 (Fla. 4th DCA 1974), the court permitted the alternate juror to accompany the jury to the jury room upon the admonition not to participate in the deliberations. The defendant's counsel did not object to this procedure. Upon appeal following the defendant's conviction, the court pointed out that Florida Rule of Criminal Procedure 3.280 specified that an alternate juror must be discharged at the time the jury retires to consider its verdict. The court held that failing to discharge the alternate and permitting him to accompany the jury to the jury room during deliberations constituted fundamental error. The court in Fischer v. State, 429 So.2d 1309 (Fla. 1st DCA 1983), reversed a conviction because an alternate was inadvertently permitted to sit through the entire jury deliberations.
*890 In both cases the courts rejected the suggestion that prejudice must be shown to have resulted from the presence of the alternate in the jury room. Similarly, in light of the importance of jury sanctity, the state's argument in this case that these decisions can be distinguished because the respective trial judges failed to timely discharge the alternate is not persuasive. However, the instant case is meaningfully different in one respect. When the presence of the alternate in the jury room was discovered, the court specifically asked appellant's counsel if he had any objection to the jury continuing its deliberations under those circumstances. After conferring with his client, counsel specifically waived objection and did not make a motion for mistrial. The jury then deliberated for three more hours before returning a verdict of guilty.
We find this situation analogous to the case in which there has been an improper comment on the defendant's right to remain silent. At this point the defendant is entitled to a mistrial. If he does not ask for a mistrial, he will be deemed to have waived the error. Clark v. State, 363 So.2d 331 (Fla. 1978). Thus, when the alternate's presence in the jury room was discovered, appellant had an absolute right to a mistrial. However, he affirmatively elected not to move for a mistrial. The appellant cannot have it both ways. The alternate's presence in the jury room was inadvertent and not attributable to the fault of either the court or the state. It would be manifestly unfair to permit appellant to choose that the jury continue its deliberations in hopes of a favorable verdict and yet be entitled to obtain a new trial before another jury if the verdict proved adverse.
Appellant's suggestion that the presence of the extra juror in the jury room was a defect of such constitutional dimension that it could not be waived pales in light of the fact that a defendant is only constitutionally guaranteed a trial by a jury of six persons. Art. I, § 22, Fla. Const.; Ballew v. Georgia, 435 U.S. 223, 98 S.Ct. 1029, 55 L.Ed.2d 234 (1978). Florida Rule of Criminal Procedure 3.250 even permits a defendant, upon stipulation, to waive a jury in its entirety. The appellant is bound by his waiver.
Appellant also argues that he was improperly convicted of the use of a firearm in the commission of a felony.[1] Appellant and his accomplice carried out the theft of a pawn shop by posing as agents of the Internal Revenue Service who were seizing property in the course of investigating tax evasion. As part of the scam, appellant carried a gun in a holster. The pawn shop clerk was apprehensive when she saw the weapon. Appellant never removed the gun from the holster, though at one point he put his hand on it as if to draw it when a policeman approached the shop. Under the circumstances there was sufficient evidence for the jury to conclude that appellant's display of the gun played a part in the accomplishment of the theft. Cf. Odum v. State, 289 So.2d 430 (Fla. 2d DCA 1974) (in which no intimidation was involved and where, at the time the defendant displayed his gun pretending to be a policeman, his crime of breaking and entering with intent to commit a misdemeanor had already been consummated).
AFFIRMED.
OTT, C.J., and CAMPBELL, J., concur.
NOTES
[1] Persons engaged in criminal offense, having weapons. 
... .
(2) Whoever, while committing or attempting to commit any felony or while under indictment, displays, uses, threatens, or attempts to use any firearm or carries a concealed firearm is guilty of a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, and s. 775.084.