FERGUSON, Judge.
We dispose of this appeal on appellant’s first point: whether the trial court erred in seating an alternate juror after the juror had been discharged and the jury had already begun its deliberations, where the alternate juror, in answer to the court’s ex parte inquiry after discharge, answered that he would find the defendant guilty.
At the conclusion of the evidence, and after the jury had been instructed on the law in a trial for firearm possession by a convicted felon,[1] the alternate juror was discharged and the jury retired to deliberate. The alternate juror was summoned to the bench and told the court, outside the hearing of defendant and his attorney, that he would have found the defendant guilty. Without further instructions the alternate juror left the courtroom.
Approximately forty minutes after the jury had retired to deliberate, it submitted a request to the court for a Spanish interpreter to assist one of the jurors, Fernando Rodriquez. Mr. Rodriquez was called to the courtroom and questioned by the judge as to his facility with the English language. It was concluded that he was not sufficiently fluent in English to perform the duties of a juror. Appellant refused to stipulate to continuation of the deliberations with only five jurors. The court granted the State’s motion to seat the discharged alternate juror over appellant’s objection. Approximately two and one-half hours after *357 his discharge, the alternate was located and returned to the courtroom. The jury began its deliberations anew with the alternate seated as a replacement for juror Fernandez. A guilty verdict was returned shortly thereafter.
We are called upon first to interpret Florida Rule of Criminal Procedure 3.280, which provides in part:
[Alternate jurors, in the order in which they are impanelled shall replace jurors who, prior to the time the jury retires to consider its verdict, become unable or disqualified to perform their duties.... Except as hereinafter provided regarding capital cases, an alternate juror, who does not replace a principal juror, shall be discharged at the same time the jury retires to consider its verdict.
The rule makes no provision for the recall of a juror who has been discharged after deliberations have commenced. The fifth district has held that such a practice will not be allowed where there is a timely objection. Sotola v. State, 436 So.2d 1001, 1009 (Fla. 5th DCA 1983). Furthermore, the provision of the rule requiring that an alternate juror be discharged at the same time the jury retires to deliberate has been interpreted strictly where an alternate juror is permitted to accompany a jury into the jury room during deliberations, e.g., Lamadrid v. State, 437 So.2d 208 (Fla. 3d DCA 1983), and a violation of that provision to that extent has been raised to the level of fundamental error. Berry v. State, 298 So.2d 491 (Fla. 4th DCA 1974).
In construing the provisions of Federal Rule of Criminal Procedure 24(c), which is similar to Florida Rule of Criminal Procedure 3.280, the Ninth Circuit in United States v. Lamb, 529 F.2d 1153 (9th Cir.1975) noted:
The unambiguous language of the Rule and the cases interpreting it have impelled one of the Nation’s most prestigious legal commentators to conclude that “... it is reversible error, even though defendant may have consented, to ... substitute an alternate after deliberations have begun.” C. Wright, Federal Practice and Procedure § 388, Vol. 2 at p. 52 (1969) (Footnote omitted).
529 F.2d at 1156. Eleven members of the thirteen member court decided that the rule was mandatory for sound reasons, and further elaborated as one of the reasons:
The inherent coercive effect upon an alternate juror who joins a jury that has, as in this case, already agreed that the accused is guilty is substantial. Moreover, such a procedure significantly limits the accused’s right to a mistrial if the original jury cannot reach agreement. A lone juror who could not in good conscience vote for conviction could be under great pressure to feign illness or other incapacity so as to place the burden of decision on an alternate juror.

Id.

The Court of Appeals of Kentucky in Thurman v. Commonwealth, 611 S.W.2d 803 (Ky.Ct.App.1980), similarly construed its criminal rule of procedure, holding that a juror who had been discharged from the panel at the conclusion of the evidence could not replace a juror who became disabled after deliberations had begun, even though the discharged juror’s separation had been brief and he asserted that he had not been influenced by anyone and had not formed any opinions about the case. The court simply interpreted the rule strictly without analyzing the reason for the rule:
The issue ... is not whether [the alternate] had been subject to outside influence, but whether [he] was a juror at all_ Once [the alternate] was discharged from the panel he could not be recalled.
Id. at 804.
We need not decide the broader question, i.e., whether substitution of a principal juror with an alternate after deliberations have begun is per se reversible error.[2] On the facts of this case, we find first that the *358 alternate juror had formed an opinion as to the defendant’s guilt even before joining the deliberations. Both the majority and minority in Lamb would seemingly agree that a finding that a juror made and publicly expressed an opinion about the defendant’s guilt prior to entering into deliberations would require disqualification. Second, the court’s conversation with the alternate juror outside the presence of the defendant or his attorney, where the opinion as to the defendant’s guilt was elicited, was “so fraught with potential prejudice that it cannot be considered harmless.” See Ivory v. State, 351 So.2d 26, 28 (Fla.1977).
Reversed and remanded for a new trial.

. Appellant was charged by information with two counts: (1) carrying a concealed firearm, and (2) possession of a firearm by a convicted felon. The charges were severed and the case proceeded to trial on count II. After the jury returned a guilty verdict on count II, appellant entered a guilty plea on count I and reserved the right to withdraw the plea in event of a reversal of the conviction on count II.

. The dissenters in United States v. Lamb disagreed not only with the majority decision, but with the views of Professor Charles Wright, noting that other respected commentators, as well as the State of California, by statute, have approved a method of substituting jurors after *358 deliberations have begun. The former Fifth Circuit in United States v. Phillips, 664 F.2d 971, 996 n. 21 (5th Cir.1981), cert. denied, 457 U.S. 1136, 102 S.Ct. 2965, 73 L.Ed.2d 1354 (1982), disagreed with the per se reversal rule adopted by the Ninth Circuit in Lamb. Instead the former Fifth Circuit and current Eleventh Circuit have held that substituting an alternate juror for a disabled regular juror after deliberations have begun constitutes reversible error only if the defendants are prejudiced by the substitution. United States v. Barker, 735 F.2d 1280 (11th Cir.1984), cert. denied, — U.S. -, 105 S.Ct. 329, 83 L.Ed.2d 266 (1984); United States v. Kopituk, 690 F.2d 1289 (11th Cir.1982), cert. denied, 463 U.S. 1209, 103 S.Ct. 3542, 77 L.Ed.2d 1391, cert. denied, 461 U.S. 928, 103 S.Ct. 2089, 2090, 77 L.Ed.2d 300 (1983); Phillips. In the latter cases procedural safeguards taken by the trial judges obviated any danger of unfair prejudice to the defendants. The substituted jury procedure recognized by the Eleventh Circuit is viewed as a narrowly limited exception to Federal Rule of Criminal Procedure 24(c), applicable only in extraordinary situations, such as complex cases involving lengthy trials, and only when extraordinary precautions are taken to avoid prejudice. Kopituk, 690 F.2d at 1311.