SMITH, Judge.
Appellant appeals his conviction for attempted burglary, raising several issues. We agree with appellant that the trial court reversibly erred in denying his motion for mistrial when it was discovered that the jury had begun its deliberations in the presence of an alternate juror and another juror who was subsequently excused. Since this error requires that we reverse for a new trial, we will not address the remaining points as a new trial will remedy these errors.
At the conclusion of the evidence and after the jury instructions, the court excused the two alternate jurors and instructed the other *733 six jurors to retire to the jury room. However, one regular juror did not enter the jury room, but instead, approached the bench and advised the trial judge that she realized during the trial that she and appellant had attended the same church 10 years earlier. The court immediately halted the exit of the two alternates, who had not yet left the courtroom, and asked the alternates and the regular juror to go into the jury room with the other jurors while the court and the attorneys discussed the problems posed by the juror’s admission. After a discussion of about 10 minutes, the trial court announced it would excuse the juror and replace her with an alternate. The jurors were recalled and the court explained the substitution.
At this point, a juror indicated to the court that the jury had two questions. The court told the jury to return to the jury room, elect a foreman, and write out the questions. The jury returned, and the jury foreman, who was the same juror who had earlier posed the questions, tendered the written questions to the trial judge. One question concerned the necessary intent to commit burglary, and the other was an irrelevant question about theft. After the court responded to the matter involving the questions, the jury was again instructed to retire to deliberate upon a verdict.
Defense counsel moved for a mistrial, arguing that the jury had acted inappropriately by beginning jury deliberations with an alternate juror and an excused juror present. The state responded that there was no' indication the jury had begun deliberations. The court reserved ruling on the motion for mistrial. After further deliberations, the jury returned with a verdict finding appellant guilty of attempted burglary. A subsequent motion for new trial based, in part, upon the contention that the jury improperly deliberated with alternate jurors present, was denied.
In Fischer v. State, 429 So.2d 1309 (Fla. 1st DCA), rev. denied, 438 So.2d 834 (Fla. 1983), this court invoked the firmly established rule that a defendant is entitled to a mistrial upon timely motion when an alternate juror is present during deliberations. See also Eickmeyer v. Dunkin Donuts of America, Inc., 507 So.2d 1193 (Fla. 3d DCA 1987). We later explained in Jacksonville Racing Ass’n v. Harrison, 530 So.2d 1001 (Fla. 1st DCA 1988), that this rule should only apply when the alternate is present during substantive deliberations and not when the alternate’s presence is confined to “those activities merely preparatory thereto.” Id. at 1005.
Although in the case before us the jurors were not questioned to determine whether deliberations had begun with the alternate juror and excused juror present, we think it would be a strained interpretation to say that the jury had not deliberated when it returned with the questions alluded to above. These were not mere “housekeeping” questions, but questions that indicate the jurors’ consideration of the substance of the charge against appellant. While we recognize that the error here was the unfortunate consequence of the unusual action of one juror, and entirely inadvertent, we nevertheless are compelled to adhere to the rules established for the protection of the constitutional right to a jury trial. Accordingly, we find reversal is required.
REVERSED and REMANDED for a new trial.
ALLEN and DAVIS, JJ., concur.