711 So.2d 1362 (1998)
Paul P. DILORENZO, Appellant,
v.
STATE of Florida, Appellee.
No. 97-0115.
District Court of Appeal of Florida, Fourth District.
June 17, 1998.
Richard L. Jorandby, Public Defender, and Cherry Grant, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, Sylvie Perez Posner and Charles M. Fahlbusch, Assistant Attorneys General, Fort Lauderdale, for appellee.
OWEN, WILLIAM C., Jr., Senior Judge.
Over appellant's objection, the trial court permitted a court-employed Spanish interpreter to accompany a Spanish speaking juror into the jury room and remain during the jury's deliberations. That was error for which we reverse the judgment and sentence, and remand this cause for a new trial.
Following appellant's conviction the county court certified as a question of great public importance:
Whether in a criminal trial there are any circumstances in which it is proper to send an interpreter into the jury room with the jurors during their deliberations.
There is a circumstance, discussed below, where such would be proper but it did not exist in this case.
The venire for this case included a juror named Mr. Gutierrez. On voir dire he was questioned in English and he answered in English. He stated that he was born in Puerto Rico, had lived in the continental United States for seventeen years and Florida for six years, had previously been employed, and that Spanish was the primary language spoken in his home. He did state he might have some difficulty understanding English, but after both the court and defense counsel questioned him further regarding his ability to understand English, he responded, "No, I'm okay". Mr. Gutierrez was selected as a juror and the jury was sworn.
Moments after the jury was sworn the court perceived that Mr. Gutierrez was having difficulty comprehending its preliminary instructions. Upon inquiry, Mr. Gutierrez revealed his preference for the service of a Spanish language interpreter. The court then proposed to provide an official Spanish language interpreter to assist Mr. Gutierrez in understanding the trial testimony. Both the prosecutor and the defense counsel took *1363 the position that the voir dire had not shown the juror's inability to understand English,[1] the prosecutor commenting that had she thought otherwise, she would have moved to challenge him for cause. Although both the prosecutor and defense counsel acquiesced in the court's offer, defense counsel expressly objected to any use of the interpreter during actual jury deliberations.
Thereafter the interpreter continuously translated for Mr. Gutierrez throughout the trial, including not only the evidence but also closing arguments and the court's instructions to the jury. After the jury was instructed, the interpreter was given appropriate instructions and, over defense counsel's renewed objection, was sent to and remained in the jury room with the jurors during their deliberations.
Under the common law of this jurisdiction the sanctity of the jury room has been so zealously protected that the introduction or intrusion therein of an unauthorized person during jury deliberations has been regarded as fundamental error requiring either a mistrial or a new trial. See, e.g., Eickmeyer v. Dunkin Donuts of America, Inc., 507 So.2d 1193 (Fla. 3rd DCA1987); Fischer v. State, 429 So.2d 1309 (Fla. 1st DCA 1983); Berry v. State, 298 So.2d 491 (Fla. 4th DCA 1974). See also North v. State, 65 So.2d 77, 86 (Fla.1952). As it relates to the facts of this case, that law remains binding. We hold that it was error for the court, over appellant's objection, to permit the interpreter to go to and remain in the jury room during the jury's deliberations.
In 1993, section 90.6063(2), Florida Statutes (1993)[2] was amended to afford to a deaf person called to jury service the assistance of an interpreter in the jury room during deliberations. Thus, while the law which we have reaffirmed above is now subject to that exception,[3] we think it is otherwise so ingrained in our jurisprudence that any changes in or exceptions to the law necessarily would come from express legislative or judicial authorization rather than by implication or analogy. Consequently, we hold that only in a circumstance expressly authorized by statute or rule is it proper in a criminal trial to send an interpreter into the jury room with the jurors during their deliberations.
Our reversal on the point discussed above makes it unnecessary to decide the remaining point. We do, however, offer the passing comment on the order which certified the question. It reflects the court's conscientious effort to balance the rights of the appellant against what the court perceived as the right of Mr. Gutierrez to serve as a juror. The court had the concern (clearly not shared by the defendant) that if it did not send the interpreter into the jury deliberations Mr. Gutierrez would have been unable to participate as a juror, the two-fold effect of which was (1) the defendant would be left with the equivalent of a five person jury rather than the six person jury to which he was statutorily entitled, and (2) Mr. Gutierrez would be deprived of his right to serve on the jury. As to the first, we would note that the court's concern could have been eliminated by merely replacing Mr. Gutierrez with the available alternate, an option open to the court under the teaching of Cook v. State, 542 So.2d 964 (Fla.1989). As to the second, we would disabuse the notion that anyone has the right to serve as a juror. What one does have, as recognized by the United States Supreme Court and our own supreme court, is the constitutional right not to be excluded from jury service on the basis of racial, gender, or ethnic discrimination. See J.E.B. v. Alabama ex rel. T.B., 511 U.S. 127, 114 S.Ct. 1419, 128 L.Ed.2d 89 (1994); Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. *1364 1712, 90 L.Ed.2d 69 (1986); State v. Alen, 616 So.2d 452 (Fla.1993). In this case, removing Mr. Gutierrez because of his inability to understand English does not begin to approach the proscription of those cases.
REVERSED AND REMANDED.
WARNER and FARMER, JJ., concur.
NOTES
[1] The court's factual finding on this was that "... neither the defense lawyer nor the prosecutor sufficiently inquired of [Mr. Gutierrez] to bring out his inability to function in English. Consequently, ... at the end of the jury selection process both sides accepted [Mr. Gutierrez] who, unknown to counsel at the time, required a Spanish interpreter in order to function as a juror."
[2] Adopted as a Rule of Procedure, In re Florida Evidence Code, 638 So.2d 920 (Fla.1993).
[3] No other exception, whether by statute or court rule, has been called to our attention.