CAMPBELL, Acting Chief Judge.
Appellant, Crespin Morales, convicted of the first degree murder of Jose Diaz, challenges his conviction on several grounds. We find no reversible error in the issues he raises and affirm.
Appellant first argues that the trial court improperly refused to strike four jurors for cause and improperly denied him an additional peremptory challenge for another juror. Our review of the voir dire of each of these jurors reveals that none of these jurors expressed a view that favored one side over the other. Although some had financial and time concerns, those concerns are not sufficient to excuse a juror from a jury panel. None of the jurors’ statements would lead to reasonable doubts as to their ability to be fair and impartial. See Lazana v. State, 666 So.2d 588 (Fla. 2d DCA 1996). Given the trial court’s far superior position to properly evaluate responses to questions propounded to jurors, and this record showing no manifest injustice, we decline to find reversible error. See Cook v. State, 542 So.2d 964 (Fla.1989).
Appellant also raises two sub-issues in regard to the jury panel: (1) the venire was not representative of the community because of the dearth of Hispanic jurors on the venire; and (2) the clerk systematically excused from the venire Hispanics who requested to be excused and who indicated on their juror questionnaires a difficulty with the English language.
Although appellant contends that the jury venire was not a representative sample of the community, we are not persuaded. As observed by the State, possessing a Hispanic surname is only one indicator of an individual’s national origins. Accordingly, it cannot be said that the distinctive group, Hispanics, was not fairly and reasonably represented in the venire. See McGinnis v. Johnson, 181 F.3d 686 (5th Cir.1999).
In regard to the clerk’s act of excusing jurors who indicated they had difficulty understanding English, it must be noted first that it was the potential jurors themselves who asked to be excused on the grounds that they could not understand English; the clerk did not summarily excuse all jurors with Hispanic-sounding names. In Dilorenzo v. State, 711 So.2d 1362 (Fla. 4th DCA 1998), the trial court appointed an interpreter for a Hispanic juror, and the Fourth District held that allowing such an interpreter into the jury room during deliberations was reversible error. The Dilorenzo court noted that an individual does not have a right to serve as a juror. Rather, one has a right not to be excluded from jury service on the basis of racial, gender, or ethnic discrimination that is protected. See Dilorenzo, 711 So.2d at 1363. That is not the issue before us, and we therefore find no error in refusing to strike the jury venire.
Appellant also alleges error in regard to the testimony of Dalia Gallegos and Joe Briganti, both of whom testified to out-of-court statements of Elisa Botello about her intense dislike for the victim, Jose Diaz.
Dalia Gallegos testified that Elisa Botel-lo told her, within appellant’s hearing, that she, Elisa, did not like Diaz (her mother’s boyfriend) because her mother and Diaz would leave the children without making sure that they had eaten. Botello also told Gallegos that she, Botello, wanted to kill Diaz. Gallegos testified that when Botello said this, appellant, who was Botello’s boyfriend, told Botello she did not have to do it; he would do it for her (kill Diaz). Appellant’s statements are not at issue in this appeal. Botello also said she thought Diaz was related to the person who killed her father.
*477 Joe Briganti also testified that Botello told him, in appellant’s presence, that she wanted the victim dead because she had heard him the night before having sex with her mother in her father’s bed, and her little brother and sister could hear it. Bo-tello also said that she believed this man had been involved in her father’s murder.
We conclude that Botello’s statements were properly admitted. They disclosed the context in which appellant made the admissible statement that Botello did not have to kill Diaz because he, appellant, would do it for her. This was testimony directed toward the premeditation issue, and was therefore pertinent to establish appellant’s motive in killing Diaz. The trial court allowed these statements under the state of mind exception to the hearsay rule, contained in section 90.803(3), Florida Statutes (1999). That section allows statements of the declarant that reflect the declarant’s state of mind. Here, the de-clarant was Botello, and her statements showing her state of mind directly related to appellant’s state of mind when he replied to her. Botello’s statements were proper to show their effect on appellant, and thereby reveal his state of mind and the issue of premeditation.
Finally, we conclude there was no error made by the trial court in giving an instruction on principals.
Affirmed.
PARKER and SALCINES, JJ, Concur.