*969
 
 KHOUZAM, Judge.
 

 Francisco Tello-Lugo appeals his judgments and sentences for three counts of lewd or lascivious battery on a child older than twelve but less than sixteen years of age. Tello-Lugo contends that the trial court erred in denying his motion for mistrial after the alternate juror was present during deliberations. We agree and reverse and remand for a new trial.
 

 The record reflects that the trial court instructed the jurors to retire to the jury room to begin deliberations. The court then discharged the alternate juror. After approximately five minutes, the court received a note from the jury asking if the jurors could review a video recording that was played during the trial. The video equipment took around ten to fifteen minutes to set up. When the jurors entered the courtroom to watch the videotape, the court noted that the alternate juror was still present. The bailiff asked, “She wanted to stay, Judge, is she allowed?” The court informed the alternate that she had to stay in the courtroom and was not allowed to converse with the jurors.
 

 Defense counsel moved for a mistrial, arguing that the alternate juror was in the jury room while the jury was deliberating. The alternate juror was asked if she had participated in the jury deliberations. She stated that the jurors had been “talking about everything that happened” and were “speculating and things like that.” She admitted that she had been “listening and talking.” The trial court denied the motion for mistrial.
 

 Florida Rule of Criminal Procedure 3.280(a) provides that “an alternate juror who does not replace a principal juror shall be discharged at the same time the jury retires to consider its verdict.” This rule is mandatory, not permissive.
 
 Berry v. State,
 
 298 So.2d 491, 492 (Fla. 4th DCA 1974). Therefore, a defendant is entitled to a mistrial upon timely motion when an alternate juror is present during jury deliberations.
 
 Ludaway v. State,
 
 632 So.2d 732, 733 (Fla. 1st DCA 1994). This rule applies when the alternate juror is present after the jurors begin discussion of the case, and not when the alternate is “present only during the time the jury engages in organizational activity such as taking breaks, making phone calls, or electing the foreperson and the case is not discussed in his or her presence.”
 
 Bouey v. State,
 
 762 So.2d 537, 540-41 (Fla. 5th DCA 2000) (finding that a harmless error analysis is appropriate if the alternate juror is present only during limited organizational activity).
 

 Because the alternate juror admitted that she was present while the jurors were discussing the case, the trial court should have granted Tello-Lugo’s motion for a mistrial. Accordingly, we are compelled to reverse and remand for a new trial.
 

 Reversed and remanded for a new trial.
 

 WHATLEY and DAVIS, JJ., Concur.