PER CURIAM.
Riordan Boblitt appeals his convictions and sentences for lewd or lascivious battery on a child older than 12 years but under 16, and attempted sexual battery. He raises six issues, one of which merits reversal and remand for a new trial.
The error concérns the trial court inadvertently sending the alternate juror into deliberations. Shortly after the court sént the jurors to the jury room, défense counsel brought to the court’s attention that Juror - Watson was incorrectly identified and dismissed as the alternate, and that Mr. -Arriaga, who was with the five, principal jurors, was the actual alternate.- At that point, the trial court directed that Mr. Arriaga be brought to the courtroom to be questioned about whether the jury had begun' deliberating while he was in the jury room. Mr. Arriaga said they had “started talking about the case” for a few minutes before they were told to stop discussion and he was asked to return to the courtroom. ‘We didn’t even get that far into it,” he said, and he did not talk while in the jury room,..but “just, kind .of, listened in.” The trial court denied defense counsel’s motion for mistrial, determining Mr. Arriaga had not participated in deliberations, and directed that Juror Watson be put back on the jury and brought “up to speed because she needs to be one hundred percent involved in any comments for just that minute or so.”
Boblitt asserts that the trial court had no choice but to grant a mistrial because the presence of an alternate juror in deliberations — even if the person is silent and does not participate — is per se grounds for mistrial. The State counters that a mistrial was not required in this, instance because deliberations had barely begun and Mr. Arriaga had not joined in; thus, the trial court properly exercised its discretion in denying the motion.
It is well settled that a defendant is entitled to a mistrial if an alternate juror is present for any part of jury deliberations, even if the alternate does not participate in- the discussion. See Ludaway v. *893 State, 632 So.2d 732, 733 (Fla. 1st DCA 1994); Tello-Lugo v. State, 47 So.3d 968, 969 (Fla. 2d DCA 2010); Bouey v. State, 762 So.2d 537, 539 (Fla. 5th DCA 2000); Lamadrid v. State, 437 So.2d 208, 208 (Fla. 3d DCA 1983); Berry v. State, 298 So.2d 491, 493 (Fla. 4th DCA 1974); see also Fla. R. Crim. P. 3.280(a) (providing that “an alternate juror who does not replace a principal juror shall be discharged at the same time the jury retires to consider its verdict.”). Only where the jury is engaged in pre-deliberation organizational activity may the alternate’s presence be deemed harmless error. See Jacksonville Racing Ass’n, Inc. v. Harrison, 530 So.2d 1001, 1004-5 (Fla. 1st DCA 1988); Bouey, 762 So.2d at 540-41.
There can be no real dispute that the jury in Boblitt’s case had begun substantive discussions with Mr. Arriaga present. Even if only a few minutes had elapsed, we cannot find the error harmless. See Tello-Lugo, 47 So.3d at 969 (holding trial court should have granted defendant’s motion for mistrial where alternate juror was present in jury room for five minutes after deliberations began). We recognize that the fact patterns in the above-cited cases involve an extra person — the alternate juror — accompanying the principal jurors into the deliberation room. The scenario in this case is slightly different: Mr. Arria-ga was inadvertently deemed a principal juror and was one of the six-member jury considering Boblitt’s case. But when the trial court, understandably trying to rectify the inadvertent error, pulled Mr. Arriaga off the jury and replaced him' with already-dismissed Juror Watson, in our view, the “sanctity and secrecy of the'jury room” was compromised.. See Eickmeyer v. Dunkin Donuts of Am., Inc., 507 So.2d 1193, 1194 (Fla. 3d DCA 1987). For that reason, Boblitt was entitled to a mistrial, and the trial court erred by denying his motion.
REVERSED and REMANDED for a new trial.
WOLF, MARSTILLER, and SWANSON, JJ., concur.