579 So.2d 388 (1991)
Eric FORSHEE, Appellant,
v.
STATE of Florida, Appellee.
No. 88-01914.
District Court of Appeal of Florida, Second District.
May 17, 1991.
*389 James Marion Moorman, Public Defender, and Deborah K. Brueckheimer, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and William I. Munsey, Jr., Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
The appellant, Eric Forshee, challenges the judgment and sentence imposed upon him after he pled guilty to attempted capital sexual battery. We reverse and remand.
The appellant was charged with capital sexual battery. The state, as a result of plea negotiations, agreed to accept a guilty plea to the lesser included offense of attempted capital sexual battery if the appellant was sentenced to fourteen years imprisonment followed by twenty years probation. The trial court accepted the plea and entered a judgment and sentence in accordance with the terms and conditions of the plea. This timely appeal followed.
We agree with the appellant's contention that the trial court imposed an illegal sentence. The appellant pled guilty to attempted capital sexual battery, a first degree felony. See §§ 794.011(2), 777.04(4)(a), Fla. Stat. (1987). Section 775.082(3)(b), Florida Statutes (1987), provides that the maximum punishment for a first degree felony is thirty years in prison. In this case, the appellant was sentenced to fourteen years in prison followed by twenty years of probation. Although a split sentence of state prison and probation is permissible, the total sanction cannot exceed the maximum term provided by statute. Saint v. State, 562 So.2d 866 (Fla. 3d DCA 1990). Further, because the sentence is illegal it must be reversed despite the appellant's failure to object, Watson v. State, 426 So.2d 1300 (Fla. 2d DCA 1983), and the sentence having been imposed as a result of plea negotiations. Griner v. State, 524 So.2d 487 (Fla. 2d DCA 1988).
If the trial court had imposed this sentence after a trial, or if the appellant had pled guilty without his sentence being part of the plea negotiations, we would reverse and remand for the imposition of a legal sentence. In this case, however, the state agreed to allow the appellant to plead to a lesser included offense provided the court imposed the sentence agreed to by the parties. The appellant and the court agreed to this sentence, which all parties mistakenly believed was legal. The state's negotiation was clearly based upon the premise that the appellant would receive the fourteen years in prison followed by the twenty years probation. Just as a defendant is not bound by a misconceived bargain, the state likewise is not bound to accept a sentence it did not bargain for. To allow this plea to stand would allow the appellant to get more than he bargained for and deny the state what it bargained for. The remedy under circumstances such as those present is to set aside the plea and reinstate the original charge, and we, accordingly, so order. Jolly v. State, 392 So.2d 54 (Fla. 5th DCA 1981).
Upon remand, if the parties once again enter into a plea agreement and the sentence imposed includes probation, we remind the trial court that a special condition of probation is invalid if it (1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality. Rodriguez v. State, 378 So.2d 7 (Fla. 2d DCA 1979). The order of probation in this case *390 included a special condition that prohibited the appellant from entering any place or business where the primary purpose of that business is the sale of alcoholic beverages. The record does not support the imposition of such a condition of probation. Rodriguez.
Reversed and remanded with instructions.
SCHOONOVER, C.J., and FRANK and ALTENBERND, JJ., concur.