706 So.2d 900 (1998)
James STANFORD, Appellant,
v.
STATE of Florida, Appellee.
No. 96-4583.
District Court of Appeal of Florida, First District.
February 17, 1998.
Nancy A. Daniels, Public Defender, and Paula S. Saunders, Assistant Public Defender, for Appellant.
Robert A. Butterworth, Attorney General, and Trina Kramer, Assistant Attorney General, for Appellee.
KAHN, Judge.
Appellant James Stanford was charged with and convicted of trafficking cocaine in violation of section 893.135(1)(b)1.a., Florida Statutes (1995). The trial court, in response to the State's request, found that appellant qualified for habitual offender sanctions, adjudicated him guilty, and sentenced him as a habitual felony offender to thirty-five (35) years in prison and a $50,000 fine. On appeal, Stanford argues that the trial court erred by denying certain of his peremptory *901 challenges to jurors, and that, in any event, his habitual felony offender sentence is illegal. We affirm the conviction, but, pursuant to statutory dictate, vacate the habitual felony offender sentence and remand for resentencing.
On the jury challenge issue, appellant argues that the trial court should have allowed certain defense peremptory challenges to white jurors. It is apparent from appellant's brief that his real concern is that the trial court got involved by suggesting, after the defense challenged a State peremptory strike as racially motivated, that the State might also wish to raise an objection to certain defense peremptories. In the words of appellant's brief, "Here, the trial judge raised the objection to the defense's peremptory challenges, and the state merely acquiesced." Accordingly, appellant argues that the court should not have conducted the inquiry required by State v. Neil, 457 So.2d 481 (Fla.1984), and its progeny. At no point during the jury selection, however, did the defense argue, as appellant now argues on appeal, that the State had not actually objected and requested the Neil inquiry. Rather, the defense objected only that the State had not shown the proper predicate necessary to require a Neil inquiry because there were only white jurors between the State's first strike and the State's second strike when the defense objected. Thus, the threshold question of whether the court erred by conducting a Neil inquiry on the defense peremptories has not been preserved for appellate review.
Appellant did preserve the second portion of his jury challenge argument in which he asserts that the trial court erred in finding that the defense peremptory challenges were being used in a racially discriminatory manner. We find no error. The trial court followed the process required by Melbourne v. State, 679 So.2d 759 (Fla.1996). The jury ultimately included two jurors initially challenged by the defense, Ms. Rogers and Ms. Gleason. Pursuant to Melbourne, the trial court required the defendant to state a race-neutral reason for the strikes. As to Rogers, defense counsel stated that she was stricken based on the defendant's wishes and "feelings regarding her as a possible fair and impartial juror." As to Gleason, defense counsel stated she was stricken based on Stanford's wishes. Relying upon these responses, the court determined that the reasons given by the defense were not facially race-neutral. The record reveals that all the defense strikes had been against white jurors. Although the trial court advised the defense that the "client's wishes" are too "nebulous," "vague," and "general" to sustain a peremptory where the potential for race based motivation exists, appellant did not offer any more reasons for the strikes. Accordingly, the trial court did not err in denying these peremptory challenges. See State v. Holiday, 682 So.2d 1092, 1094 (Fla.1996) (holding that the trial court did not abuse its discretion in finding a challenge not race-neutral where defense counsel sought to strike potential juror based on his "gut feeling" that juror could not be fair). We therefore affirm the conviction.
In a somewhat ironic twist, appellant, who in his first point objects vociferously to the trial court's involvement in the jury selection process, asks in his second point that this court vacate the habitual offender sentence even though defense counsel never objected below to this sentence. Concluding that the sentence is illegal and rises to fundamental error, we reverse on this point. See § 924.051(1), (3), Fla. Stat. (Supp.1996); see also Neal v. State, 688 So.2d 392 (Fla. 1st DCA 1997) (holding that section 924.051(3) is procedural and applicable to a point raised on appeal where the crime occurred prior to effective date of statute, but appellant was sentenced after that date).
Stanford violated section 893.135(1)(b)1.a., Florida Statutes (1995):
(b)1. Any person who knowingly sells, purchases, manufactures, delivers, or brings into this state, or who is knowingly in actual or constructive possession of, 28 grams or more of cocaine, as described in s. 893.03(2)(a)4., or of any mixture containing cocaine, but less than 150 kilograms of cocaine or any such mixture, commits a felony of the first degree, which felony *902 shall be known as "trafficking in cocaine." If the quantity involved:
a. Is 28 grams or more, but less than 200 grams, such person shall be sentenced pursuant to the sentencing guidelines and pay a fine of $50,000.
The statute expressly provides that a person convicted of trafficking in cocaine in an amount between 28 grams and 200 grams shall be sentenced pursuant to the sentencing guidelines. Appellant urges that in the context of this statute, the word "shall" must be given its normal meaning which is mandatory and not permissive. Generally, where the word "shall" refers to some required action preceding a possible deprivation of a substantive right, the word is given its literal meaning. See, e.g., S.R. v. State, 346 So.2d 1018, 1019 (Fla.1977); Neal v. Bryant, 149 So.2d 529, 532-533 (Fla.1962). As this court observed in White v. Means, "[t]he normal meaning of the word `shall' is mandatory by nature...." 280 So.2d 20, 21 (Fla. 1st DCA 1973).
The criminal statute involved here concerns a substantive right. Moreover, we cannot say that the Legislature could not have possibly intended that a transgressor such as appellant be sentenced strictly according to the guidelines. In 1993, the Legislature amended the felony offender statute to exempt certain drug possessors and purchasers from habitual felony offender treatment. See Ch. 93-406, § 2, 2911, 2912-2913, Laws of Fla. (codified at § 775.084(1)(a)3., Fla. Stat. (1993)). In the same year, the Legislature amended section 893.135 to eliminate the mandatory minimum terms for certain other drug offenses and to require that those offenses be punished pursuant to the sentencing guidelines. See Ch. 93-406, § 24, 2911, 2954-57, Laws of Fla.(codified at §§ 893.135(1)(a)1., 2.; 893.135(1)(b)1.a, b,; 893.135(1)(c) 1.a, b; 893.135(1)(e)1., 2.; 893.135(1)(f)1., 2., Fla. Stat. (1993)).
Appellant is guilty of a first degree felony, the sentence for which may not exceed thirty years unless specifically provided by statute. § 775.082(3)(b), Fla. Stat. (1995). Under the sentencing guidelines, Stanford scored in the range of seven to twelve years in state prison. The sentence in this case far exceeded the guidelines and exceeded the sentence allowable for a first degree felony. A sentence that exceeds the statutory maximum is fundamental error that can be challenged for the first time on direct appeal. See Sanders v. State, 698 So.2d 377 (Fla. 1st DCA 1997); cf. Middleton v. State, 689 So.2d 304, 305 (Fla. 1st DCA 1997) (refusing to allow direct appeal of habitual offender sentence for possession of cocaine, which section 775.084(1)(a)3. excludes from habitual offender sentencing, where sentence was result of negotiated plea and not illegal, i.e., it did not exceed statutory maximum).
Accordingly, appellant's thirty-five year habitual offender sentence is VACATED, and the case is remanded for sentencing pursuant to section 893.135(1)(b)1.a., Florida Statutes (1995).
The conviction is AFFIRMED.
BARFIELD, C.J., and BENTON, J., concur.