750 So.2d 153 (2000)
Elmario CLAY, Appellant,
v.
STATE of Florida, Appellee.
No. 1D98-1895.
District Court of Appeal of Florida, First District.
February 4, 2000.
*154 Elmario Clay, pro se.
Robert A. Butterworth, Attorney General and L. Michael Billmeier, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Elmario Clay challenges his sentence as a habitual felony offender imposed after he pled guilty to trafficking cocaine (more than 28 grams, but less than 200 grams), a violation of section 893.135(1)(b)1.a., Florida Statutes. Clay argues that the sentence is illegal on the authority of Stanford v. State, 706 So.2d 900 (Fla. 1st DCA 1998), because he was sentenced as a habitual offender, rather than under the sentencing guidelines. Although this issue was not raised below, a sentence that exceeds the statutory maximum is fundamental error and can be raised for the first time on appeal. See id. at 901; Nelson v. State, 719 So.2d 1230 (Fla. 1st DCA 1998); see also Rainey v. State, 741 So.2d 1207 (Fla. 1st DCA 1999). On the authority of Stanford, we reverse.
The habitual offender sentence imposed on Clay is an illegal sentence because section 893.135(1)(b)1.a. expressly mandates that persons guilty of trafficking in cocaine, where the quantity involved is 28 grams or more, but less than 200 grams, "shall be sentenced pursuant to the sentencing guidelines...." See Wright v. State, 743 So.2d 103 (Fla. 1st DCA 1999); Stanford, 706 So.2d at 901-02. However, because Clay was sentenced pursuant to a negotiated plea, the sentence is not vacated; but the cause is remanded to the trial court where the state shall be given an opportunity to agree to resentencing within the requirements of section 893.135(1)(b)1.a. Wright, 743 So.2d at 104. Should the state not agree to resentencing, Clay should be afforded his opportunity to withdraw his plea and the matter may proceed to trial. Id. Of course, if Clay does withdraw his plea, the state is free to proceed to trial on all charges filed against Clay, including charges which had been dropped pursuant to the negotiated plea.
REVERSED and REMANDED.
ALLEN, WEBSTER AND VAN NORTWICK, JJ., CONCUR.