COBB, J.
The appellant, Lavictor Williams, entered no contest pleas to trafficking, possession, and carrying a concealed firearm, based upon an agreement with the state in regard to the filing of other charges. As part of the deal, Williams retained the right to appeal the habitual felony offender sentence imposed upon him.
On appeal the state concedes that Williams should have been sentenced under the guidelines rather than under section 775.084(1), Florida Statutes (1999). The state urges that, under the circumstances, it should be discharged from its bargain and, upon remand, be allowed to amend the information to add additional charges. The state’s argument and the cases it cites[1] are inapposite, however, because the original plea agreement expressly contemplated Williams’ appellate challenge to the legality of the habitual felony sentence. The state is bound by that agreement.
*714 Accordingly, we reverse the sentence and remand for imposition of a sentence under the sentencing guidelines without amendment of the instant information.
REVERSED AND REMANDED.
THOMPSON, C.J., and PLEUS, J., concur.

. Clay v. State, 750 So.2d 153 (Fla. 1st DCA 2000); Forshee v. State, 579 So.2d 388 (Fla. 2d DCA 1991); Jolly v. State, 392 So.2d 54 (Fla. 5th DCA 1981).