784 So.2d 1244 (2001)
Robert GREEN, Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-688.
District Court of Appeal of Florida, Second District.
May 9, 2001.
James Marion Moorman, Public Defender, and Joan Fowler, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Deborah F. Hogge, Assistant Attorney General, Tampa, for Appellee.
PER CURIAM.
Robert Green appeals the trial court's order setting aside his no contest plea. We note that the order is a nonfinal order not subject to review on direct appeal. Fla. R.App. P. 9.130(a)(3). However, we treat the notice of appeal as a petition for writ of prohibition. The State properly concedes error; therefore, we grant the petition.
Green entered a plea of no contest to battery in exchange for a negotiated sentence of eleven months and twenty-nine days in county jail. The trial court accepted the plea but deferred sentencing. At the subsequent sentencing hearing, the victim's father objected to the negotiated sentence, and the trial court set aside the plea over Green's objection.
The State properly concedes that the trial court erred in setting aside Green's plea. See Jupin v. State, 664 So.2d 1031, 1031-32 (Fla. 2d DCA 1995) (holding that the trial court's acceptance of a defendant's no contest plea is binding and a plea may not be set aside without legal cause). Accordingly, we quash the trial court's order setting aside Green's plea and remand for sentencing. On remand, the trial court is not bound to honor the original plea agreement. Goins v. State, 672 So.2d 30, 31 (Fla.1996). However, if the court imposes a sentence which exceeds the previously negotiated sentence, Green should be afforded an opportunity to withdraw his plea. Id.
Petition for writ of prohibition granted.
PATTERSON, C.J., and PARKER and STRINGER, JJ., concur.