MONACO, J.
Doneel McNeal appeals the summary denial of his second rule 3.850 motion. All of the grounds contained for reversal alleged by Mr. McNeal are either successive, time barred, or barred by the law of the case doctrine, except for his assertion that his habitual offender sentence is illegal. Because Mr. McNeal could not legally be habitualized under the version of the statute under which he was convicted, we reverse.
Mr. McNeal pled guilty to trafficking in 200 grams or more of cocaine, but less than 400 grams, an included offense to the charged crime of trafficking in 400 grams or more of cocaine. He was sentenced to ten years in state prison as an habitual felony offender, pursuant to a plea bargain. His previous appeals left his judgment and sentence intact.[1]
Mr. McNeal’s most recent rule 3.850 motion alleged, among other things, that his habitual offender sentence is illegal because he could not lawfully be habitualized for a trafficking offense. As the State acknowledges, this court held in Washington v. State, 814 So.2d 1187 (Fla. 5th DCA), review dismissed, 831 So.2d 675 (Fla.2002), that under the 1997 version of section 893.135(l)(b)l, Florida Statutes, a criminal defendant convicted of trafficking in cocaine in an amount of more than 200 grams, but less than 400 grams had to have been sentenced pursuant to the sentencing guidelines, and could not be sentenced as an habitual felony offender. See also Haynes v. State, 765 So.2d 928 (Fla. 2d DCA 2000).
The State argues, however, that since Mr. McNeal was sentenced in accordance with a plea bargain in which the State agreed to allow him to plea to a lesser included offense, it should on remand be given the option of either agreeing to Mr. McNeal being resentenced under the Criminal Punishment Code, or withdrawing from the plea agreement and either entering into a new agreement or trying Mr. McNeal for the originally charged offense. As the case law clearly supports this position, we agree. See, e.g., Clay v. State, 750 So.2d 153 (Fla. 1st DCA 2000); Rainey v. State, 741 So.2d 1207 (Fla. 1st DCA 1999). In the words of one of our sister courts, “Just as a defendant is not bound by a misconceived bargain, the state likewise is not bound to accept a sentence it did not bargain for.” Forshee v. State, 579 So.2d 388, 389 (Fla. 2d DCA 1991).
We, therefore, affirm the trial court’s order denying Mr. McNeal’s rule 3.850 motion, except with respect to his claim that his habitual offender sentence is illegal. In that regard we reverse the trial court’s order and remand. Upon remand, the State shall be given the option of either agreeing to the resentencing of Mr. McNeal under the Criminal Punishment Code on the lesser charge, or withdrawing from the plea bargain and proceeding *581 against Mr. McNeal under the charge as originally brought.
AFFIRMED in part, REVERSED in part.
PETERSON and ORFINGER, JJ., concur.

. See McNeal v. State, 751 So.2d 596 (Fla. 5th DCA 2000); McNeal v. State, 791 So.2d 488 (Fla. 5th DCA 2001), review dismissed, 805 So.2d 808 (Fla.2002).