COPE, J.
Alfredo Cunningham appeals an order denying his motion to correct illegal sentence. We affirm.
Defendant-appellant Cunningham was convicted of conspiracy to traffic in cocaine in an amount of four hundred grams or more.[1] The defendant was sentenced to life imprisonment with a mandatory minimum sentence of fifteen years, as a habitual violent felony offender (HVFO).
Relying on Stanford v. State, 706 So.2d 900 (Fla. 1st DCA 1998), the defendant argues that his life sentence on count one, the conviction of conspiracy to traffic in cocaine, must be vacated.
Under the applicable statute, a conviction of conspiracy to traffic in cocaine “is punishable as if he had actually committed such prohibited act.” § 893.135(5), Fla. Stat. (Supp.1996). Where the offense is trafficking in cocaine in an amount of four hundred grams or more, but less than one hundred fifty kilograms, “such person shall be sentenced to a mandatory minimum term of imprisonment of 15 calendar years....” Id. § 893.135(l)(b)l.e.
The defendant reads Stanford v. State to say that section 893.135, Florida Statutes controls over any contrary provision of the habitual offender statute. See 706 So.2d 901-02. He argues that since the drug trafficking statute provides only for a mandatory minimum term of fifteen years, it follows that the trial court could not sen-fence the defendant to a greater term of life as an HVFO.
We distinguish Stanford as being inapplicable here. In Stanford the defendant had been convicted of trafficking in cocaine in an amount between twenty-eight grams and two hundred grams. 706 So.2d at 901-02. Under the statute, where a defendant traffics in such an amount of cocaine, “such person shall be sentenced pursuant to the sentencing guidelines.... ” 706 So.2d at 902 (quoting § 893.135(l)(b)l.a., Fla. Stat. (1995)). Because this part of the statute specified that the sentence be under the sentencing guidelines, the First District interpreted this part of the statute to rule out application of the habitual offender statute. 706 So.2d at 901-02.
In the present case, the defendant was sentenced under a different subdivision of section 893.135. Where the amount of cocaine is four hundred grams or more, the statute makes no mention of the sentencing guidelines, but requires the imposition of a fifteen-year mandatory minimum sentence. It was the mention of the sentencing guidelines that the First District found dispositive in Stanford, and there is no such language in the statutory provision that applies to the defendant in this case. That being so, there was no prohibition on the application of the habitual offender statute to the defendant in count one, and the sentence as an HVFO to life imprisonment with a mandatory minimum sentence of fifteen years is a legal sentence.[2]
Affirmed.

. The crime date was August 21, 1996. The defendant was convicted of other offenses as well, but the conspiracy to traffic count is the only one at issue here.

. We have no occasion in this case to consider whether we agree, or disagree, with the *628 First District's analysis in Stanford of the portion of section 893.135 which deals with a cocaine amount of twenty-eight to two hundred grams.