884 So.2d 73 (2004)
Edward M. WILLITS, Appellant,
v.
STATE of Florida, Appellee.
No. 2D03-5162.
District Court of Appeal of Florida, Second District.
April 7, 2004.
Rehearing Denied April 28, 2004.
WALLACE, Judge.
Edward M. Willits challenges the order of the trial court summarily denying his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Because the sentence imposed on Willits exceeds the statutory maximum, we reverse as to his first claim. We affirm without comment as to his second claim.
On March 30, 1994, pursuant to a plea of no contest, Willits was sentenced to a term of natural life with a minimum mandatory of three years for the armed robbery, thirty years with a three-year minimum mandatory for the aggravated battery, and thirty years for the possession of a firearm by a felon. He had been designated as a habitual felony offender pursuant to section 775.084, Florida Statutes (1993). All sentences were to run concurrently. The sentencing documents for the armed robbery charge reflect that Willits was ordered *74 to pay a fine of $268 plus $13.40 as the 5% surcharge required by section 960.25, Florida Statutes (1993), as well as $273.45 plus other fees as ordered by the court as restitution.
Willits is correct in claiming that his sentence for armed robbery is illegal because section 775.084 does not authorize any fines. The imposition of a fine in addition to the habitual offender sentence exceeds the maximum allowed by the statute and must be reversed. Floyd v. State, 739 So.2d 1241 (Fla. 2d DCA 1999); Webster v. State, 705 So.2d 970 (Fla. 2d DCA 1998). On remand, the trial court must strike the $268 fine plus the 5% surcharge. Willits' presence at the resentencing is not required.
Reversed in part; affirmed in part; and remanded.
WHATLEY and VILLANTI, JJ., concur.