ALTENBERND, Chief Judge.
Rodney Sheffield appeals an order denying his motion to correct an illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Mr. Sheffield was convicted of attempted trafficking in heroin and sentenced to a fifteen-year term of imprisonment as a habitual offender for an offense that occurred in May 2000. He claims that his habitual offender designation is illegal because the applicable statutes mandated a Criminal Punishment Code sentence and did not permit a habitual offender sentence.
A cursory reading of our opinion in Fortner v. State, 779 So.2d 462 (Fla. 2d DCA 2000), and the Fourth District’s opinion in Dillard v. State, 820 So.2d 994 (Fla. 4th DCA 2002), would seem to support Mr. Sheffield’s claim. See also Bryant v. State, 760 So.2d 1034 (Fla. 5th DCA 2000); Clay v. State, 750 So.2d 153 (Fla. 1st DCA 2000); Wright v. State, 743 So.2d 103 (Fla. 1st DCA 1999); Stanford v. State, 706 So.2d 900 (Fla. 1st DCA 1998). Those cases might seem to suggest that any defendant convicted of trafficking was required to be sentenced under the Criminal Punishment Code and not as a habitual offender as a result of specific language in section 893.135, Florida Statutes (1999). However, on closer examination, those cases involved defendants who were charged with trafficking in small quantities of illegal drugs. The defendant in Dillard, for example, was charged with trafficking in an amount of cocaine between 28 and 200 grams. Section 893.135(l)(b)(l)(a), Florida Statutes (1997), required that such a person be sentenced “pursuant to the sentencing guidelines” in 1997.
*734 Mr. Sheffield was charged with attempted trafficking in a quantity of heroin that was 28 grams or more, but less than 30 kilograms. At all times relevant to this case, trafficking in this quantity of heroin was governed by section 893.135(1)(c)(1)(c), Florida Statutes (1999), which categorized the offense as a first-degree felony and required a mandatory minimum term of twenty-five years’ imprisonment.[1] Unlike section 893.135(1)(b)(1)(a), section 893.135(1)(c)(1)(c) did not include language requiring a sentence under either the sentencing guidelines or the Criminal Punishment Code. Accordingly, a habitual offender sentence could be lawfully imposed for trafficking in this quantity of heroin and, pursuant to section 777.04(4)(c), Florida Statutes (1999), for the related crime of attempted trafficking in the same amount of heroin.
Accordingly, we affirm the order denying this postconviction motion.
WHATLEY and CASANUEVA, JJ., Concur.

. The 1999 version of the Florida Statutes applies to this case. Chapter 99-188 amended certain aspects of section 893.135, not including subsection (1)(c)(1)(c). Subsection (1)(c)(1)(c) was the same in 1997 as it was in 1999. Thus, our decision in Taylor v. State, 818 So.2d 544 (Fla. 2d DCA 2002), does not affect this case.