889 So.2d 899 (2004)
Chantz HARPER, Appellant,
v.
STATE of Florida, Appellee.
No. 2D04-2630.
District Court of Appeal of Florida, Second District.
December 3, 2004.
*900 NORTHCUTT, Judge.
Chantz Harper challenges the summary denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We affirm without comment as to two claims. We reverse as to the third.
On January 31, 1996, in case number 95-15645 Harper pleaded no contest as a habitual felony offender to one count of trafficking in cocaine, 28 grams or more but less than 200 grams, in violation of section 893.135(1)(b)(1)(a), Florida Statutes (1995). The court sentenced him to ten years in prison as a habitual felony offender and imposed a $50,000 fine.
Section 893.135(1)(b)(1)(a) provides that if the quantity of cocaine involved in the trafficking offense is 28 grams or more but less than 200 grams, the defendant shall be sentenced pursuant to the sentencing guidelines. See Virgil v. State, 884 So.2d 373, 29 Fla. L. Weekly D2060 (Fla. 2d DCA Sept.10, 2004); Wright v. State, 743 So.2d 103 (Fla. 1st DCA 1999). Therefore, Harper should not have been sentenced as a habitual felony offender in case number 95-15645. See Fortner v. State, 779 So.2d 462 (Fla. 2d DCA 2000); Clay v. State, 750 So.2d 153 (Fla. 1st DCA 2000). In this appeal the State has conceded that Harper's sentence is illegal. Accordingly, we reverse the denial of Harper's rule 3.800(a) motion and remand for proceedings in accordance with this opinion. See Higgins v. State, 799 So.2d 344 (Fla. 2d DCA 2001); Wilhelm v. State, 543 So.2d 434 (Fla. 2d DCA 1989).[1]
It is not clear from the record before this court whether Harper's plea to the trafficking offense was open or was for a negotiated sentence. If he entered an open plea, on remand he must be resentenced under the sentencing guidelines in effect at the time of the offense. However, if he entered into a negotiated plea, the circuit court must permit the State either to agree to resentencing under the guidelines or to withdraw from the plea agreement and proceed to trial. See Hughes v. State, 850 So.2d 664 (Fla. 1st DCA 2003).
Affirmed in part, reversed in part, and remanded.
CANADY and VILLANTI, JJ., Concur.
NOTES
[1] We note that Harper also contends that imposing a fine in addition to a habitual offender sentence exceeds the maximum allowed by statute. He is correct. See Floyd v. State, 739 So.2d 1241 (Fla. 2d DCA 1999); Webster v. State, 705 So.2d 970 (Fla. 2d DCA 1998). However, because he will be resentenced according to the sentencing guidelines, his habitual offender designation will be stricken, rendering the fine permissible.