PER CURIAM.
The appellant challenges the trial court’s summary denial of his motion to correct illegal sentence in which he alleged that he was illegally habitualized for conspiracy to traffic 28 grams or more of cocaine, but less than 200 grams, in 1993. Because the appellant has stated a facially sufficient claim for relief, we reverse and remand.
A habitual sentence for trafficking 28 grams or more of cocaine, but less than 200 grams for an offense committed in 1993, is prohibited and a sentence pursuant to the guidelines is mandated by statute. § 893.135(l)(b)l.a., Fla. Stat. (1993); Clay v. State, 750 So.2d 153 (Fla. 1st DCA 2000).
We accordingly reverse the trial court’s summary denial of the appellant’s motion and remand for the trial court to attach record portions to conclusively refute his claim or sentence him pursuant to the sentencing guidelines in effect when he committed his offense.
REVERSED AND REMANDED.
WEBSTER, VAN NORTWICK and LEWIS, JJ., concur.