922 So.2d 243 (2006)
Jessie J. McGRAW, Appellant,
v.
STATE of Florida, Appellee.
No. 2D05-3687.
District Court of Appeal of Florida, Second District.
January 18, 2006.
Rehearing Denied March 16, 2006.
WHATLEY, Judge.
Jessie McGraw appeals the summary denial of his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We affirm without comment as to all but one of McGraw's claims. We reverse as to McGraw's claim that the fine imposed pursuant to section 893.135(1)(b)(1), Florida Statutes (1989), was illegal.
McGraw claims that because he was sentenced as a habitual felony offender (HFO) and the HFO statute does not make an allowance for the imposition of a fine, the fine that was imposed as part of his sentence pursuant to section 893.135(1)(b)(1) was illegal. The postconviction court denied this claim as one that was not cognizable in a rule 3.800(a) motion. However, it would appear the postconviction court failed to consider this court's holding in Floyd v. State, 739 So.2d 1241 (Fla. 2d DCA 1999) (holding that because the HFO statute did not specifically allow for the imposition of the fine required by chapter 893, that fine constituted an illegal sentence). Accordingly, we reverse the summary *244 denial of McGraw's claim and remand for the trial court to consider McGraw's claim that the fine imposed pursuant to section 893.135(1)(b)(1) is illegal in light of this court's holding in Floyd. We note that should the postconviction court conclude the imposed fine does constitute an illegal sentence, McGraw's presence is not required to strike the fine from his sentence. See id.
Reversed and remanded.
CASANUEVA and STRINGER, JJ., Concur.