941 So.2d 419 (2006)
Tommy Ray BAKER, Appellant,
v.
STATE of Florida, Appellee.
No. 2D06-2446.
District Court of Appeal of Florida, Second District.
September 29, 2006.
Rehearing Denied November 16, 2006.
ALTENBERND, Judge.
Tommy Ray Baker appeals the trial court's order denying his motion to correct an illegal sentence, which he filed pursuant to Florida Rule of Criminal Procedure 3.800(a). He argues that his sentence is illegal because he received both a fine and a term of imprisonment as a habitual offender. If Mr. Baker's fine had been imposed as a matter of discretion under section 775.083, Florida States (2003), his argument would have merit. However, the fine imposed on him was mandatory under section 893.135, Florida Statutes (2003). We hold that it is not illegal for a trial court to impose both habitual offender sentencing and a mandatory fine for a drug-trafficking offense, at least for offenses committed after September 30, 2000.
For events that occurred in November 2003, Mr. Baker pleaded guilty and was convicted in 2004 of several drug charges, including trafficking in less than fourteen grams of hydrocodone pursuant to section 893.135(1)(c)(1)(a). For the trafficking offense, he received a five-year prison sentence as a habitual offender with a mandatory minimum term of imprisonment of three years and a $50,000 fine. He received concurrent sentences on the other offenses. In his rule 3.800(a) motion, he challenged only the imposition of the fine. The written sentence states that the fine was imposed "pursuant to [s]ection 775.083," but that section gives the trial court discretion to impose a fine of only *420 $10,000 for a first-degree felony. See § 775.083(1)(b). Thus, section 775.083 does not authorize this fine. It is obvious that the sentence contains a scrivener's error and that the fine was imposed pursuant to section 893.135(1)(c)(1)(a). That statute states that a defendant found guilty of the offense "shall be sentenced to a mandatory minimum term of imprisonment of 3 years, and the defendant shall be ordered to pay a fine of $50,000."
Section 775.083 is the general law that gives discretion to a trial court to impose a fine in a criminal case. It has long provided that a fine may be imposed "in addition to any punishment described in s. 775.082." Section 775.082 establishes the general terms of imprisonment for most offenses. Because habitual offender sentencing is imposed pursuant to section 775.084 as an exception to the general penalties in section 775.082, the courts have uniformly held that it is illegal to impose a discretionary fine under section 775.083 in a case in which the rest of the sentence is imposed pursuant to the habitual offender provisions in section 775.084. See King v. State, 681 So.2d 1136 (Fla.1996); Willits v. State, 884 So.2d 73 (Fla. 2d DCA 2004); Webster v. State, 705 So.2d 970 (Fla. 2d DCA 1998).
In Floyd v. State, 739 So.2d 1241 (Fla. 2d DCA 1999), this court appeared to extend the holding in Webster to apply to a fine imposed under the 1991 version of section 893.135(1)(b)(1)(a). On closer examination, that does not seem to be what occurred in Floyd. The fine imposed in Floyd was $10,000. The relevant version of section 893.135 mandated a fine of $50,000. Thus, the fine imposed was actually the $10,000 discretionary fine under section 775.083(1)(b). Accordingly, Floyd is not an extension of Webster but an application of that case to an odd discretionary fine.[1]
It is noteworthy that shortly after Floyd was issued, the First District held that in light of the language of the trafficking statute, a habitual offender sentence could not be imposed for the crime of trafficking. See Wright v. State, 743 So.2d 103 (Fla. 1st DCA 1999). This court followed Wright in Harper v. State, 889 So.2d 899 (Fla. 2d DCA 2004), and Virgil v. State, 884 So.2d 373 (Fla. 2d DCA 2004). The holding in Wright, however, only applied to section 893.135 as amended by chapter 93-406, section 24, Laws of Florida. From January 1, 1994, until September 30, 2000, the drug-trafficking statute required the trial court to impose a sentencing guidelines sentence or later, a criminal punishment code sentence for the lower categories of trafficking. See Sheffield v. State, 875 So.2d 733 (Fla. 2d DCA 2004); Dillard v. State, 820 So.2d 994, 995 n. 1 (Fla. 4th DCA 2002); Stanford v. State, 706 So.2d 900, 902 (Fla. 1st DCA 1998). This apparent glitch in the statute was corrected by the legislature in 2000. See ch. 2000-320, § 4, Laws of Fla. (effective Oct. 1, 2000). These changes do not affect the analysis in Floyd, but they explain why the issue addressed in this case was not addressed in any case involving an offense committed between 1994 and 2000.[2]
*421 Mr. Baker received a lawful five-year term of imprisonment as a habitual offender. Because his fine was mandatory under the language of section 893.135 and was not a discretionary fine under section 775.083, we conclude that the language in section 775.083, limiting fines under that statute to cases in which sentences are imposed under section 775.082, plays no role in our analysis. This fine was lawfully imposed under section 893.135 in addition to the term of imprisonment imposed under section 775.084. Accordingly, we approve the decision of the trial court.
Affirmed.
STRINGER and VILLANTI, JJ., Concur.
NOTES
[1] In another appeal of an order denying relief under rule 3.800(a), this court reversed and remanded for further consideration of whether a mandatory fine imposed under section 893.135 violated the holding in Floyd. See McGraw v. State, 922 So.2d 243 (Fla. 2d DCA 2006). Upon further consideration, it appears that the order in McGraw could have been affirmed. Because we did not hold the fine illegal, but merely determined that the issue required further consideration in the trial court, we conclude there is no conflict requiring en banc consideration.
[2] Effective October 1, 2000, the legislature added an explicit reference in the drug trafficking statute to both section 775.084 and section 775.083. See ch. 2000-320, § 4, Laws of Fla. However, section 775.083 has never been amended to permit a discretionary fine when a habitual offender sentence is imposed.