958 So.2d 529 (2007)
Morris WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D07-91.
District Court of Appeal of Florida, Fourth District.
June 6, 2007.
*530 Morris Williams, Immokalee, pro se.
Bill McCollum, Attorney General, Tallahassee, and Mark J. Hamel, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Morris Williams (Defendant) appeals an order summarily denying his motion for postconviction relief, filed pursuant to rule 3.850, Florida Rules of Criminal Procedure. We affirm in part and reverse in part.
Defendant was charged with trafficking in 200 grams or more but less than 400 grams of cocaine; two counts of resisting with violence; and possession of less than 20 grams of cannabis. After the denial of his motion to suppress, he entered a negotiated guilty plea. The written agreement provided that if the court accepted his plea, his sentence would be a life sentence, mitigated to seven years as a habitual violent felony offender (HVFO) upon his surrender for sentencing without an arrest. At his plea hearing, after telling him the maximum sentence he faced for each charge, the judge explained that if he appeared as agreed for his sentencing, his sentence for count I would be seven years as a HVFO, with a seven-year mandatory minimum; for counts II and III, it would be five years; and for count IV, time served. No fine was mentioned in the written agreement or during the colloquy in which Defendant's plea was accepted.
Thereafter, Defendant appeared for sentencing pursuant to the agreement. He was sentenced to time served for the last count, a misdemeanor, as agreed, but he was sentenced concurrently to seven years for each of the other three counts. On the trafficking count he was sentenced as an HVFO with a seven-year mandatory minimum, as well as under section 893.135(1)(b). On the other two counts, he was sentenced as an HVFO and with a five-year mandatory minimum as a Prison Releasee Reoffender (PRR). The sentence also included a $100,000 fine for the trafficking count.
The sole issue which Defendant raised on direct appeal was whether the trial court erred by failing to affirmatively offer him an opportunity to withdraw his guilty plea before imposing a sentence more severe than that contemplated by the plea negotiations, an issue which had not been preserved for appeal by a motion to withdraw the plea.
Following this court's affirmance of the direct appeal, Defendant timely filed the instant motion for postconviction relief, *531 raising eight grounds, the sixth of which was ineffective assistance of counsel for failing to object to the imposition of a more severe sentence than the one contemplated by the negotiated plea. He sought to withdraw his plea and proceed to trial.
In his memorandum of law, Defendant claimed the fine was illegal, citing Floyd v. State, 739 So.2d 1241 (Fla. 2d DCA 1999) (reversing summary denial of rule 3.800(a) motion challenging imposition of $10,000 fine for violation of section 893.135(1)(b)1.a., Fla. Stat. (1991), because defendant was sentenced under section 775.084, which does not authorize any fines, and directing the trial court to strike the fine on remand), limited by Baker v. State, 941 So.2d 419 (Fla. 2d DCA 2006).
The Second District has limited its opinion in Floyd. In Baker, it concluded that the fine imposed in Floyd actually was the $10,000 discretionary fine allowed under section 775.083, which is not allowed if a habitual sentence is imposed. Baker, 941 So.2d at 420. However, the court found that the mandatory fine required by section 893.135 was lawfully imposed in addition to a term of imprisonment pursuant to section 775.084. Id. at 421. We agree with the state, therefore, that the $100,000 fine imposed here was not illegal.
Nevertheless, the fact that the fine was mandatory does not detract from Defendant's claim that he should have been allowed to withdraw his plea because it did not contemplate the imposition of such a fine, or the longer than anticipated sentences and PRR minimum mandatory terms imposed for counts II and III. It is a basic principle that the defendant should be granted an opportunity to withdraw his plea if the court imposes a sentence exceeding the negotiated sentence. Goins v. State, 672 So.2d 30, 32 (Fla.1996); Hall v. State, 765 So.2d 282 (Fla. 4th DCA 2000); Green v. State, 784 So.2d 1244 (Fla. 2d DCA 2001).
Accordingly, we reverse and remand for further proceedings with respect to ground six of the motion. We affirm without discussion the summary denial of the other seven grounds for relief.
Affirmed in part, Reversed in part, and Remanded.
GUNTHER, POLEN and FARMER, JJ., concur.