STRINGER, Judge.
Anthony Ferrentino appeals the post-conviction court’s summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.800(a). In claim two, Mr. Ferrentino argues that the imposition of the $50,000 fine on count sixty-eight is illegal. We agree and reverse and remand for the fine to be stricken. We affirm claim one without comment.
On counts one through sixty-seven, Mr. Ferrentino pleaded guilty to trafficking in hydromorphone pursuant to section 893.135(l)(c)(l)(a), Florida Statutes (1991). On count sixty-eight, he pleaded guilty to possession of a firearm by a convicted felon pursuant to section 790.23, Florida Statutes (1991). The trial court sentenced him as a habitual felony offender (HFO) to concurrent terms of twenty-five years’ prison on all counts with a three-year mandatory minimum on counts one through sixty-seven. In addition, his sentence reflects a fine of $50,000 on all sixty-eight counts pursuant to section 775.083, Florida Statutes (1991).
Mr. Ferrentino does not contest the fines imposed on counts one through sixty-seven, which are mandatory under section 893.135(l)(c)(l)(a). See Baker v. State, 941 So.2d 419, 420 (Fla. 2d DCA 2006). On the other hand, the trial court did err when it imposed the identical fine on count sixty-eight. Mr. Ferrentino was found guilty of possession of a firearm by a convicted felon pursuant to section 790.23, which does not authorize imposition of a fine. Furthermore, the discretionary fine provision of section 775.083 is not available as an additional sanction when the defendant has been sentenced as an HFO. See Webster v. State, 705 So.2d 970, 971 (Fla. 2d DCA 1998) (citing King v. State, 681 So.2d 1136 (Fla.1996)). Therefore, Mr. Ferrentino’s fine imposed on count sixty-eight is illegal. Accordingly, we reverse and remand for the postconviction court to strike the $50,000 fine imposed on count sixty-eight. We affirm in all other respects.
Affirmed in part, reversed in part, and remanded.
KELLY and WALLACE, JJ., Concur.