992 So.2d 911 (2008)
David A. WRIGHT, Appellant,
v.
STATE of Florida, Appellee.
No. 2D07-5658.
District Court of Appeal of Florida, Second District.
October 24, 2008.
CASANUEVA, Judge.
David A. Wright challenges the postconviction court's denial of his motion to correct illegal sentence filed under Florida Rule of Criminal Procedure 3.800(a). We reverse for resentencing because the original sentencing court improperly imposed a habitual violent felony offender (HVFO) sentence.
After pleading open to the court, Mr. Wright was sentenced for one count each of robbery and aggravated battery against a person sixty-five years of age or older for events occurring on December 30, 1995. He was sentenced as an HVFO to thirty years in prison on the robbery and as an HVFO to life imprisonment on the aggravated battery with a fifteen-year mandatory minimum. The sentences were set to run concurrently with each other and with sentences imposed for convictions in other cases.
In a rule 3.800(a) motion Wright alleged that the HVFO sentence on the aggravated battery count must be vacated and that he must be resentenced under the sentencing guidelines because the statute defining the offense requires guidelines sentencing.[1] The postconviction court denied the motion, ruling that HVFO sentencing did apply. On appeal, the State has conceded error.
*912 Aggravated battery is a second-degree felony. § 784.045(2), Fla. Stat. (1995). The statute defining the offense of aggravated battery on a person sixty-five years of age or older reclassifies the offense level to a first-degree felony. § 784.08(2)(a). Furthermore, a defendant convicted of aggravated battery against a person sixty-five or older "shall be sentenced pursuant to the sentencing guidelines." § 784.08(1) (emphasis added).[2]
We conclude that the verb "shall" here is intended in its ordinary mandatory sense, such that guidelines sentencing is required and enhanced sentencing is precluded. See S.R. v. State, 346 So.2d 1018, 1019 (Fla. 1977) (noting that the word "shall" is "normally meant to be mandatory in nature"). In Harper v. State, 889 So.2d 899 (Fla. 2d DCA 2004), we construed section 893.135(1)(b)(1)(a), Florida Statutes (1995), which, using language identical to that at issue here, states that a defendant convicted of trafficking in cocaine at the level of twenty-eight or more but less than 200 grams "shall be sentenced pursuant to the sentencing guidelines." We held that the defendant should not have been sentenced as a habitual felony offender and reversed, ruling that if it was determined on remand that the defendant had entered an open plea, he was to be "resentenced under the sentencing guidelines in effect at the time of the offense." Harper, 889 So.2d at 900; see also Bryant v. State, 760 So.2d 1034 (Fla. 5th DCA 2000); Clay v. State, 750 So.2d 153 (Fla. 1st DCA 2000).
Here, likewise, we reverse for Wright to be resentenced under the guidelines in effect at the time of his offenses.[3]
Reversed and remanded with instructions.
DAVIS and WALLACE, JJ., Concur.
NOTES
[1] Mr. Wright does not challenge the sentence for the robbery count.
[2] There is no such restriction in the statute defining ordinary aggravated battery. See § 784.045(2). As such, if certain other conditions are met, a defendant convicted of ordinary aggravated battery may receive an enhanced sentence as an HVFO. See id.; § 775.084(1)(b), (4)(b), Fla. Stat. (1995).
[3] The sentencing court should note that Ricardo v. State, 608 So.2d 93 (Fla. 2d DCA 1992), precludes an enhanced sentence from being used as the primary offense when preparing a scoresheet under the guidelines.