PER CURIAM.
 

 Joel Elliott appeals his conviction and sentence on a single charge of robbery,
 
 [1]
 
 arguing that the trial court abused its discretion by allowing the State to introduce DNA test results into evidence when it had only provided preliminary test results to the defense prior to a pre-trial discovery deadline. The final test results were consistent with the preliminary results provided to the defense in advance of the pre-trial discovery deadline, and the defense demonstrated no prejudice as a result of its receipt of the final results after the deadline. Therefore, we agree with the State that the trial court properly denied the motion to exclude the DNA results.
 
 See, e.g., Overton v. State,
 
 801 So.2d 877, 896 (Fla.2001) (holding that the trial court did not abuse its discretion in not finding a discovery violation with respect to DNA testing documents where the defendant knew about the documents several months prior to trial and received the final DNA report prior to trial);
 
 State v. Randol,
 
 947 So.2d 609, 613 (Fla. 3d DCA 2007) (“[Wjhether a remedy such as exclusion should be imposed depends on the totality of the circumstances. However,
 
 the key question in a situation in which a discovery violation is alleged is whether or not the defendant was significantly prejudiced by the state’s failure to produce the requested evidence.
 
 Prejudice in this context means the discovery violation must prevent the defendant from properly preparing for trial.”) (citations omitted) (quotation marks omitted) (emphasis added).
 

 
 *221
 
 Elliott also argues that the trial court lacked the authority to impose a $500.00 fine, in addition to his habitual violent felony offender sentence, because section 775.083, Florida Statutes, does not authorize such a fine. The State concedes error in this regard.
 
 See Webster v. State,
 
 705 So.2d 970, 971 (Fla. 2d DCA 1998);
 
 Baker v. State,
 
 941 So.2d 419, 420 (Fla. 2d DCA 2006). However, because this sentencing error was not brought to the trial court’s attention, it is not cognizable on direct appeal.
 
 State v. Hamner,
 
 816 So.2d 810, 812 (Fla. 5th DCA 2002). The defendant can still raise this issue “in a proper motion pursuant to rule 3.800(a) or rule 3.850.”
 
 Cabrera v. State,
 
 884 So.2d 482, 484 (Fla. 5th DCA 2004).
 

 AFFIRMED.
 

 ORFINGER, MONACO and LAWSON, JJ., concur.
 

 [1]
 

 . See § 812.13, Fla. Stat. (2006).