Confession of Error

COPE, J.
Dwayne Hayes appeals his convictions for trafficking in cocaine, § 893.135(l)(b)l.a., Fla. Stat. (2006), and possession of the same cocaine with intent to sell it. Id. § 893.13(l)(a)l.* The trafficking charge was based on possession of a trafficking amount of cocaine (“trafficking possession”). The State concedes that the double jeopardy clause does not allow convictions for both trafficking possession of cocaine and possession with the intent to sell the same cocaine. In light of the State’s concession, we reverse the conviction on the lesser offense, possession of cocaine with intent to sell, and remand with directions to vacate that conviction. The defendant need not be present.
The present appeal originated as a proceeding pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). In his pro se brief, defendant-appellant Hayes maintains that he cannot be sentenced as habitual offender where, as here, the quantity of cocaine involved in the trafficking offense is twenty-eight grams or more, but less than two-hundred grams. The case law he relies on was based on an earlier version of the trafficking statute. See Harper v. State, 889 So.2d 899, 900 (Fla. 2d DCA 2004). The statute has since been amended, and the habitual offender sentence is permissible in the defendant’s case.
Affirmed in part, reversed in part, and remanded for further proceedings consistent herewith.

 The crime date was February 23, 2007.