Wetherell, J. The defendant raises four issues in this direct appeal of his judgment and sentence. We.affirm and write only to address the defendant’s argument that the trial court erred in disallowing his use of a peremptory challenge. I During jury selection, after defense counsel used a peremptory challenge on prospective juror 14, the prosecutor asked for a “race neutral reason” because “thé defense has used a strike on all four males that have been available for the panel.” In response, defense counsel stated: my client indicated that he got a bad feeling from that person and ... he asked me to strike that person based on the fact that I didn’t as well have any thoughts regarding that he would be , positive for us. I felt like . that, would be an appropriate strike, but it was initiated by my client. Then, after the trial court stated—-without objection from defense counsel—that “the bottom line is there is no reason other than [defense counsel’s] client doesn’t want him,” the prosecutor argued: I don’t think that the case law supports a person saying I have a bad feeling. The state certainly couldn’t:get away with that, and so I do not believe that would be a valid basis for a strike, and so ... I would make my objection based upon the lack of reason provided. The trial court agreed with the prosecutor and disallowed the challenge. As a result, prospective juror 14 served on the jury that convicted the defendant. II We review the trial court’s ruling on whether to allow a peremptory challenge for clear error. See Melbourne v. State, 679 So.2d 759, 764-65 (Fla. 1996). The three-step procedure established by the Florida Supreme Court in Melbourne applies where, as here, a race- or gender-based objection to the use of a peremptory challenge is made. Id. at 764; Hayes v. State, 94 So.3d 452, 461 n.5 (Fla. 2012) (noting that although Melbourne involved a claim of race-based discrimination in the use of a peremptory challenge, the same procedure applies to claims of gender-based discrimination). Step 1 requires the objecting party to make a timely objection, show that the prospective juror is a member of a distinct group, and request that the trial court ask the proponent of the challenge to provide a reason for the challenge. Melbourne, 679 So.2d at 764. If these requirements are met, then step 2 requires the proponent of the challenge to come forward with a facially race- or gender-neutral reason for the challenge. Id. If the proponent does so, then step 3 requires the trial court to determine whether the proffered reason is pretextual or genuine. Id. Here, although the prosecutor asked for a race-neutral reason for defense counsel’s use of a peremptory challenge on prospective juror 14, it is clear from the context of the request that he was actually seeking a gender-neutral reason because he pointed out that defense counsel had used preemptory challenges on all of the prospective male jurors on the panel. This objection was sufficient to satisfy step 1 of Melbourne and shift the burden to the defendant, as the proponent of the challenge, to come forward with a gender-neutral reason for the challenge. The defendant did not meet his burden under step 2 of Melbourne because, consistent with the prosecutor’s argument below, it is well-established that simply having a “bad feeling” about a juror is not a race- or gender-neutral reason for a peremptory challenge. See Nowell v. State, 998 So.2d 597, 604 (Fla. 2008) (citing several cases for the proposition that “Florida courts have consistently rejected a general feeling or ‘dislike’ of a juror as a genuine race-neutral reason for exercising a peremptory challenge”). Likewise, the mere fact the defendant “doesn’t want” the prospective juror on the jury is not a race- or gender-neutral reason for a peremptory challenge. See Stanford v. State, 706 So.2d 900, 901 (Fla. 1st DCA 1998) (finding no error in trial court’s denial of peremptory challenge that was based solely on the “client’s wishes”). Accordingly, the trial court properly disallowed the peremptory challenge to prospective juror 14. See Melbourne, 679 So.2d at 764 n.7 (“If the explanation is not facially [gender]neutral, the inquiry is over; the strike will be denied.”). Ill For the reasons stated above—and because we find no merit in the other three issues raised on appeal—we affirm the defendant’s judgment and sentence. Affirmed. B.L. Thomas, C.J., and Winsor, J., concur.